**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 14 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>ADOLFO SANDOVAL-MAGANA, a.k.a. Adolfo Magana, a.k.a. Carlos Francisco Mendoza, a.k.a. Adolfo M. Sandoval, a.k.a. Manual Valencia,<br><br>    Defendant - Appellant. | No. 11-10052<br><br>D.C. No. 3:10-cr-00080-LRH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted March 6, 2012[**]

Before:    B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Adolfo Sandoval-Magana appeals from the 18-month sentence imposed

following his guilty-plea conviction for unlawful reentry by a deported, removed,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

or excluded alien, in violation of 18 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Sandoval-Magana contends that the district court committed procedural error by imposing his sentence to run consecutively to his undischarged state sentence. Specifically, he contends that the court failed to consult U.S.S.G. § 5G1.3 and its application notes; failed to consider the alleged sentencing disparities created by fortuities in the timing of federal and state prosecutions; failed to consider the alternative of a partially concurrent sentence; and relied upon speculation in imposing a consecutive sentence. The record belies Sandoval-Magana's contention that the district court relied on speculation at sentencing. As to his other contentions, absent some indication in the record to the contrary, we assume that district courts know and apply the relevant law. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Moreover, the record reflects that the district court's decision was reached after deliberation and was within its discretion. *See* 18 U.S.C. § 3584; U.S.S.G. § 5G1.3. As such, Sandoval-Magana cannot show that his substantial rights were affected by the alleged errors. *See United States v. Waknine*, 543 F.3d 546, 551 (9th Cir. 2008).

**AFFIRMED.**